UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-699 (Under Seal) |
| | : | |
| ELIANDE TUNIS, | : | |
| | : | |
| JOCELYN DOR, and | : | |
| | : | |
| WALDER ST. LOUIS, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S REPLY ON MOTION FOR**
**EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this reply on its Motion for Exclusion of Time Under Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(1)(F) & (7)(B)(ii).

As an initial matter, Defendant Jocelyn Dor's Opposition to the Motion does not specifically respond to the government's request to exclude transport time under 18 U.S.C. § 3161(h)(1)(F).[1] Rather, the Opposition argues only that time under the Speedy Trial Act's "ends of justice" provision, 18 U.S.C. §§ 3161(h)(7)(B)(ii), may not be excluded retroactively. *See* Opp. at 1 ("Time may not be excluded on the 'ends of justice' rationale 'unless the district court indicates at the time it grants the continuance that it is doing so' upon a balancing of the factors specified by section 3161(h)(7)(A)."). Nowhere in the Opposition does Defendant Dor argue that the Court may not make findings retroactively to exclude time under § 3161(h)(1)(F), a point which was specifically stated in the government's Motion. *See* Motion at 8 n.3 ("Undersigned counsel for the government is not aware of such precedent, including in this Circuit, applying such a rule to 18

---

[1] Defendant Eliande Tunis moved to adopt Dor's Opposition as her own.

U.S.C. § 3161(h)(1)(F)."). Nor does Defendant Dor's Opposition address the government's request to exclude an additional 90 days under 18 U.S.C. § 3161(h)(7) until May 15, 2022. The Court should treat defendants' failure to address these arguments as a concession. *See, e.g.*, *Lockhart v. Coastal Int'l Sec., Inc.*, 5 F. Supp. 3d 101, 108 (D.D.C. 2013) (citing *Schneider v. Kissinger*, 412 F.3d 190, 200 n. 1 (D.C. Cir. 2005)).

The only issue of dispute is whether the Court can retroactively exclude time (*i.e.,* 13 days for Tunis, 19 days for St. Louis, and 19 days for Dor) under 18 U.S.C. § 3161(h)(7)(B)(ii) due to a continuance requested by defense.[2]  It can.

The Supreme Court has explained that an "ends-of-justice" finding typically should be placed on the record at *or near* the time the continuance is granted, but it can also be done after the fact, *i.e.*, when the court rules on a motion to dismiss on the basis of a Speedy Trial violation.

> Although the Act is clear that the findings must be made, *if only in the judge's mind*, before granting the continuance (the continuance can only be "granted . . . on the basis of [the court's] findings"), the Act is ambiguous on precisely *when* those findings must be "se[t] forth, in the record of the case."
> . . .
> The best practice, of course, is for a district court to put its findings on the record *at or near* the time when it grants the continuance.

*Zedner v. United States*, 547 U.S. 489, 506-7 & n.7 (2006) (emphasis added). However, in *Zedner*, the Supreme Court also considered whether the trial court made a finding that was documented in the trial court's opinion on the motion to dismiss, which was filed *four years* after the continuance at issue. *Id.* at 507.

---

[2]     Contrary to Dor's claim, Opp. at 2 n.1, the rescheduling of the hearing due to the attempts to have a common hearing and the exclusion of time under Section 3161(h)(7) was *not* based on the Court's schedule, but rather the need for all the co-defendants to have a hearing together due to the complex issues in this co-defendant case and defense's agreement to the same. *See, e.g.*, *United States v. Stoddard*, 74 F. Supp. 3d 332, 340 (D.D.C. 2014).

Defendant Dor cites to no Circuit precedent contrary to *Zedner* which would require that the "ends-of-justice" finding be placed on the record at the time of the continuance. The Opposition cites to three cases for support, all arising out of the Second Circuit (Opp. at 1-2), and it is far from clear that other Circuits are unanimous on this issue. This court has in the past permitted retroactive findings to exclude time on the basis of § 3161(h)(7). *See, e.g.*, *Stoddard*, 74 F. Supp. at 340 ("*Following the hearing* on October 4, 2004, *40 days* from the operative Speedy Trial Act date, the Court entered a written order tolling the time period under the Act pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(i), (B)(ii) & B(iv) (2004).") (emphasis added).[3,4] Here, defense counsel all discussed the need for a continuance with the Court, stated that time would be tolled, and the government sought exclusion of time under Section 3161(h)(7) at the first hearing following the continuance. *Zedner* permits the Court to now place its findings on the record, "near" in time to its decision to grant the defense continuance. 547 U.S. at 507 n.7.

Additionally, defendants should not be permitted to object after-the-fact to an exclusion of time under Section 3161(h)(7) where they affirmatively represented that they had no such objection at the time they sought a continuance. Here, the Court offered to hold a hearing on December 23, 2021, and counsel for St. Louis stated that the time was not available. The Court's clerk inquired of all counsel what would occur if the hearing was not held on that date, and counsel for St. Louis replied to all, stating "have a hearing in January--waive time." Counsel for Tunis replied, "I concur." Counsel for Dor replied thereafter to all parties and stated she was "willing to

---

[3]   The ends-of-justice continuance was previous denominated at § 3161(h)(8)(A).
[4]   Contrary to Defendant's claim, at 1, the government did not concede that an ends-of-justice finding cannot be made retroactively in its brief in *United States v. Duong*, No. 21-Cr.-541 (D.D.C. Sept. 22, 2021). The government's filing in that case partially withdraws the government's motion for an exclusion without stating the basis therefore.

3

proceed in a way that it [sic] convenient to the court." Under these circumstances, defendants were certainly then "on notice that the speedy trial clock has stopped." Opp. at 2 (citing *United States v. Tunnessen*, 763 F.2d 74, 77-79 (2d Cir. 1985)). Defendants should not now be permitted to argue that time cannot be excluded when they invited and consented to the very same.

The United States respectfully requests that the Court enter an Order excluding from computation under the Speedy Trial Act the times for transport and delays due to scheduling of defense counsel and the need for a joint hearing, as well as an additional period of 90 days from the next status hearing (*i.e.,* until May 15, 2022).

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By: /s/ Karen P. W. Seifert
        KAREN P. W. SEIFERT
        ASSISTANT UNITED STATES ATTORNEY
        N.Y. Bar No. 4742342
        National Security Section
        United States Attorney's Office
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Telephone: (202) 252-7527
        karen.seifert@usdoj.gov