UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No.: 21-cr-699 (JDB) |
| | : | |
| JOLY GERMINE, | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MOTION AND NOTICE REGARDING
FEDERAL RULES OF EVIDENCE 404(b) AS TO DEFENDANT GERMINE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion regarding Federal Rule of Evidence 404(b) ("404(b)") with respect to the admissibility of prior actions of Defendant Joly Germine (hereinafter "the defendant"), which the government will seek to admit at trial.

The defendant is charged with conspiracy, export control reform violations, smuggling, and money laundering. For the money laundering charges, the second superseding indictment alleges in Counts 35- 48 that the financial transactions involving interstate commerce involved the proceeds of 400 Mawozo gang activities, specifically kidnappings for ransom. See ECF No. 73. The government submits this motion to: (1) identify which of the defendant's prior actions it will seek to admit at trial, pursuant to Fed. R. Evid. 404(b); (2) set forth the legal authority and arguments in support of admissibility; and (3) place the defendant on notice of the government's anticipated trial evidence in order to streamline issues for trial.   As detailed below, the defendant's prior actions are probative in establishing: (i) the defendant's motive and intent to commit the crimes charged in this case, and absence of mistake; and (ii) the defendant's knowledge of,

1

familiarity with, and control over kidnappings conducted by 400 Mawozo, which will be at issue here. Consistent with well-established precedent, because the prejudicial effect from the admission of this proffered other crimes evidence does not "substantially outweigh" its probative value, admission of the evidence is wholly appropriate.

I.     PROCEDURAL HISTORY

Defendant Germine was indicted in this case on November 30, 2021. ECF No. 11. The arrest warrant issued subsequent to that indictment was executed on May 3, 2022. ECF No. 30. The defendant has been detained pending trial since his arrest. The second superseding indictment was filed on November 9, 2023, which charges the defendant with violations of 50 U.S.C. § 4819 (Export Control Reform Act); 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. §§554(a), 2(Smuggling, Aiding and Abetting); and 18 U.S.C. §§1956(a)(1)(A) and (a)(2)(A), 2 (Laundering of Monetary Instruments, Aiding and Abetting). ECF No. 73. The matter is scheduled to begin a jury trial on January 16, 2024.

II.     FACTUAL BACKGROUND

The following recitation of facts is not an exhaustive list of every fact obtained throughout the government's investigation. Rather, the government offers this background to provide a summary of facts relevant to this motion, as well as to provide an overview of the upcoming trial and to place the defendant on notice as to some of the government's evidence in this case.

400 Mawozo is a Haitian gang and criminal organization that operated in the Croix-des-Bouquets area to the east of Port Au Prince, Haiti. Defendant Germine is a Haitian national and a member of 400 Mawozo. At the relevant times in the indictment, defendant Germine was

incarcerated in Haiti, but still served as a leader of the gang in Haiti and directed operations from prison using unmonitored cellular phones.

Since at least June 2021, the Federal Bureau of Investigation ("FBI") has been investigating a series of kidnappings of U.S. citizens in Haiti by 400 Mawozo, during which the U.S. citizens have been held for ransom. In these kidnappings, the victims have generally been forced from their vehicles at gun point and kept in various locations by armed gang members while their relatives negotiate payment for their release.

Between on or about June 24, 2021, and on or about July 10, 2021, two U.S. citizens were kidnapped at gunpoint and held by 400 Mawozo, and their release was secured after approximately $30,000 was paid as ransom. Between on or about August 5, 2021, and on or about August 13, 2021, a U.S. citizen was kidnapped at gunpoint and held by 400 Mawozo, and her release secured after approximately $50,000 was paid as ransom.

On or about October 16, 2021, sixteen U.S. citizens were kidnapped near Port Au Prince, Haiti, including five children, one as young as eight months old. The victims were part of a missionary organization and had been taking a bus to visit a local orphanage. While returning therefrom, the kidnappers forced at gunpoint the group's bus driver to stop and took control of the bus and its occupants. On or about October 16, 2021, the hostage takers demanded a ransom of $1 million for each victim. 400 Mawozo claimed credit for the kidnapping. The hostages were all released or had escaped by on or about December 18, 2022.

As part of the FBI's investigation into the kidnapping, evidence surfaced regarding a group of U.S.-based individuals who were in contact with leaders of 400 Mawozo and were supplying the gang with firearms. As stated in the Indictment, defendants had contact with members of 400

3

Mawozo, received wire payments from various sources that originated in Haiti, and engaged in straw purchases of firearms that were smuggled or attempted to be smuggled to Haiti for delivery to 400 Mawozo.

### III. THE PRIOR ACTIONS OFFERED FOR 404(b) PURPOSES

At trial, the government seeks to admit the following other crimes evidence regarding the defendant's prior actions, specifically his phone call placed once in U.S. custody, which caused the release a kidnapping victim, C.G., held by 400 Mawozo.[1] The facts of the kidnapping of C.G. are not explicitly alleged in the indictment, and are outside the time of the conspiracy alleged therein.[2]

On May 3, 2022, following defendant Germine's transfer of custody from the Haitian authorities to the FBI, defendant Germine agreed to assist the FBI in securing the release of an individual, C.G., who had been abducted on April 29, 2022. The FBI authorized defendant Germine to call an active member of 400 Mawozo—known as "Gaspiyay"—to coordinate the release of C.G. Defendant Germine called a number ending in 2387 (provided by the FBI), a number known to the FBI to be utilized by Gaspiyay. During the first conversation, Gaspiyay asked defendant Germine to call him back in approximately 30 minutes, because Gaspiyay would need to relay the request to Lanmo San Jou, another leader in the 400 Mawozo gang. Gaspiyay

---

[1] In disclosures made to defense counsel, this victim is identified as Victim I.
[2] The government has given notice to defense counsel of its intent to elicit evidence of kidnappings that are included in the timeframe of the alleged conspiracy and alleged in the indictment. See Discovery Letter #18, August 17, 2023. Those victims are identified as Victim A, Victim B, and Victim C in the discovery. Their kidnappings occurred in July 2021 and August 2021, as noted *supra*. This evidence is "inextricably intertwined" with the charged crimes, and in such instances "courts typically treat it as the same crime." *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000). Additionally, "some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Id.*, at 929. Both are true of the kidnappings committed during the existence of the conspiracy and during the time immediately preceding the money laundering in this case. Therefore, the government does not give Rule 404(b) notice of those crimes here.

also added that he would kill San Jou if San Jou decided not to comply with defendant Germine's orders.

At approximately 4:30 p.m. on May 3, 2022, Germine spoke to Gaspiyay again. During the second conversation, Gaspiyay mentioned that he discussed the release logistics with San Jou, and defendant Germine needed to call him back. At approximately 5:45 p.m., defendant Germine was authorized by the FBI to call Gaspiyay, who ensured defendant Germine that C.G. would be released promptly.

At around 9:00 p.m. on May 3, 2022, a third-party intermediary (TPI) for C.G. spoke for the hostage takers. They informed TPI that C.G. would be given his vehicle back and allowed to drive himself to the Dominican Embassy. C.G. arrived at the Embassy at approximately 1:30 a.m. on May 4, 2022.

## IV.    RULE 404(b) LEGAL STANDARD

Federal Rule of Evidence 404(b)(2)(A) requires that the government must provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial." Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions

conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id.* Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Admission of Rule 404(b) evidence is permitted in the government's case-in-chief. Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and to introduce similar act evidence as part of its case-in-chief. *See United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the government's case-in-chief if it is apparent that the defendant will dispute that issue"); *United*

6

*States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

V. **ARGUMENT**

    a. **RULE 404(b) ADMISSIBILITY**

        i. *The Defendant's Prior Acts Are Probative of His Knowledge, Intent, and Motive to Engage in Control over 400 Mawozo and Its Illicit Activities*

Here, evidence of the defendant's ability to secure the release of a 400 Mawozo kidnapping victim with a few phone calls is relevant to show that the defendant had control over the gang, and its activities were done knowingly and intentionally, and were not the result of inadvertence, mistake, or accident. As detailed above, the 400 Mawozo's kidnappings of U.S. citizens provided the gang with proceeds of that unlawful activity, that was thereafter transferred to the United States in order to purchase weapons, which is the basis for the money laundering charges in Counts 35 to 48 of the second superseding indictment. The gang's kidnappings were carried out by 400 Mawozo while the defendant was incarcerated – and to which he will presumably deny any knowledge, involvement, or affiliation. As a result, the aforementioned evidence related to C.G.'s kidnapping is particularly probative as to the defendant's knowledge and control over the illicit kidnapping activities of the gang. Moreover, given that the defendant is charged here with offenses related to his laundering of the proceeds of 400 Mawozo's kidnappings, the evidence of

7

defendant's control of the gang vis a vis C.G.'s kidnapping is also relevant and probative as to his motive, intent, preparation, and plan to direct the gang's kidnappings. In addition, the government's Rule 404(b) evidence will be offered to show the defendant's general knowledge of the gang leadership, his affiliation to those leaders, and his understanding and direction of their illicit activities.

The Rule 404(b) evidence that the government seeks to admit at trial is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in *United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000), the D.C. Circuit permitted evidence of a defendant's drug trafficking conspiracy with an uncharged co-conspirator not alleged in the indictment, noting that "in a conspiracy prosecution, the government is usually allowed considerable leeway in offering evidence of other offenses 'to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed.'" *Id.* at 26 (citing *United States v. Williams*, 205 F.3d 23, 33–34 (2d Cir.2000)). Evidence tending to demonstrate "intent, plan, preparation, and motive ... is particularly probative where the government has alleged conspiracy," *Id.* (citing *United States v. Sampol*, 636 F.2d 621, 659 & n. 23 (D.C.Cir.1980) (citations omitted)). Intent and knowledge are also well-established non-propensity purposes for admitting evidence of prior crimes or acts. *See Bowie*, 232 F.3d at 930. Here, the defendant's knowledge of the gang's kidnappings, his ability to broker the release of a victim, and control over members of the gang tends to show his involvement in the underlying illicit activity alleged in the money laundering counts.

Evidence admissible under Rule 404(b) is, of course, subject to the restrictions of Rule 403.

*See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). In this case, the highly probative value of the government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to the defendant. Any potential prejudice is not unique to this case—where the government has shown a permissible non-propensity purpose—but is simply that endemic to all Rule 404(b) evidence. Such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *Crowder II*, 141 F.3d at 1210). Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. *See Crowder II*, 141 F.3d at 1210. The defense must instead show "compelling or unique" evidence of prejudice, *Mitchell*, 49 F.3d at 777, distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b) evidence.

Here, the direct relevance of the proffered evidence outweighs any prejudice to the defendant, given that other intrinsic evidence of kidnappings by 400 Mawozo, alleged in the indictment, will also be elicited by the government at trial. As the D.C. Circuit noted in *United States v. McGill*, 815 F.3d 846, 884 (D.C. Cir. 2016), when the trial already includes admissible evidence of the defendant's involvement in other acts of criminality, the prejudice to the defendant by introducing this specific evidence dissipates.

Finally, the D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion but by instead issuing limiting instructions to the jury. *See, e.g.*, *Douglas,* 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at

9

1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis). Thus, because the government's Rule 404(b) evidence is not unduly prejudicial and any minimal prejudice can be addressed through an appropriate limiting instruction, its admission is appropriate.

## CONCLUSION

Accordingly, for the foregoing reasons, the government respectfully requests that the Court permit at trial the introduction of its proffered other acts evidence, pursuant to Fed. Rule Evid. 404(b).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By: /s/ *Kimberly Paschall*
Kimberly Paschall (D.C. Bar No. 1015665)
Karen P. W. Seifert (N.Y. Bar No. 4742342)
Assistant United States Attorneys

MATTHEW G. OLSEN
ASSISTANT ATTORNEY GENERAL

Beau D. Barnes (D.C. Bar No. 1024150)
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice