UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,                                      CASE NO.    21-CR-699(JDB)

vs.

WALDER ST. LOUIS,

    Defendant.

_____/

## MOTION FOR DOWNWARD DEPARTURE FROM THE GUIDELINES AND REQUEST FOR REASONABLE SENTENCE AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, WALDER ST. LOUIS, by and through the undersigned counsel and files this Motion for Downward Departure from the Guidelines and Request for Reasonable Sentence and Incorporated memorandum of Law, and in support thereof alleges the following:

The era of mechanized application of the sentencing guidelines to formulate a sentence is over.  The United States Supreme Court's recent decision in Pepper v. United States, 131 S. Ct. 1229 (2011) makes it abundantly clear that an era of individualized sentencing has begun and appears to here to stay.  It has been the law for several years that the sentencing guideline range is not presumptively reasonable, is advisory only, and is only one, and certainly not the most important factor the Court must consider in fashioning a reasonable sentence.  Rita v. United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007).  In United States v. Hunt, 459 F. 3d 1180 (11th Cir. 206), the Court specifically held that there are many instances

1

where the guideline range will not yield a reasonable sentence. Id. At 1184.  The Court further held that District Courts are obligated to impose a reasonable sentence regardless of the guideline range, so long as the guideline has been considered. Id.

In the United States Supreme Court's most recent decision minimizing the impact of the guidelines on imposing a reasonable sentence, the Court stated:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.  Koon v. United States, 518 U.S. 81 (1996).  Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime.  Williams v. New York, 337 U.S. at 247, 69 S. Ct. 1079.

**Pepper** supra. 1239-40.  The Court went on to say:

> In particular, we have emphasized that "[h]ighly relevant is not essential to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."  Id.  at 247, 69 S. Ct. 10-79. Permitting sentencing courts to consider the widest possible breath of information about a defendant "ensures that the punishment will suit not merely the offense but the individual defendant."  Wasman v. United States, 468 U.S. 559 (1984). Id. at 1240.

While courts should give "respectful consideration" to the now advisory guidelines and their accompanying police statements, the Court in **Pepper** stressed the post-**Booker** decision make it clear that a district court may in appropriate cases impose a non-guideline sentence based on a disagreement with the Sentencing Commission's views.  **Pepper**, supra. At 1247.

With the exceptions of unconstitutional considerations (e.g. race, sex, etc.), there is no limit to the type and nature of the information a court may consider in

2

imposing a reasonable sentence. That point was made abundantly clear by the United States Supreme Court in the opening paragraph of its decision in **Pepper**, supra:

> This court has long recognized that sentencing judges "exercise a wide discretion" in the types of evidence they may consider when imposing sentence and that "[h]ighly relevant if not essential to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Williams v. New York, 337 U.S. 241, 246-247, 69 S. Ct. 1079. Congress codified this principle at 18 U.S.C. § 3661, which provides that "no limitation shall be placed on the information" a sentencing court may consider concerning the [defendant's] background, character, and conduct" and at § 3553(a), which sets forth certain factors that the sentencing courts must consider, including "the history and characteristics of the defendant." § 3553(a)(1)

Pepper, supra. at 1235.

Considering the factors set forth in 18 U.S.C. § 3553(a) and the statutory requirement that this court must sentence Mr. St. Louis to a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a), it is respectfully submitted that a sentence below the prescribed guidelines is appropriate for the following reasons:

*§ 3553(a)(1) / Nature and Circumstances of the Offense and the History and Characteristics of the Defendant*

Mr. St. Louis is a thirty-five-year-old male with no criminal record. Mr. St. Louis has been in custody since his arrest on November 1, 2021, a total of twenty-eight (28) months fourteen (14) days. He is extremely remorseful for his actions. In fact, it was that overwhelming feeling of remorse that caused Mr. St. Louis to cooperate with the government.

3

As indicated in the PSI, Mr. St. Louis is in poor health for a man of his age and has required significant medical attention during his period of incarceration.

Although Mr. St. Louis is a Legal Permanent Resident of the United States there is a great likelihood that he will be deported to Haiti, as his conduct and conviction amount to a Violation of the Immigration and Nationality Act.  In fact, it is expected that once Mr. St. Louis completes his term of imprisonment, he will be surrendered to the custody of U.S. Immigration and Customs Enforcement for the commencement of deportation proceedings.  As such, a sentence of more than twenty-eight (28) months would almost certainly cause a fortuitous increase in the severity of Mr. St. Louis' confinement.

### § *3553(a)(2) / The need For the Sentence Imposed-*

Understandably, the Court must impose a sentence that reflects the seriousness of the crime and promote respect for the law.  However, such sentence should also be tailored to provide **just** punishment for the specific acts committed by the Defendant.

In this case, the Presentence Investigation Report correctly reflects the Defendant's Offense Level as a 23 with a guideline imprisonment range of 46 to 57 months.  Although correct, this range appears to be excessive given the conduct attributable to Mr. St. Louis.

As such, a sentence below the guideline range reflected in the Presentence Investigation Report is appropriate in this case.

4

*§ 3553(a)(2)(B) & (C) / Adequate Deterrence and Protection of the Public From Future Crimes of the Defendant*

Given Mr. St. Louis overwhelming remorse and great likelihood of deportation there is little or no need for a lengthy sentence to protect the public from future crimes of Mr. St. Louis.

WHEREFORE, based upon the above and foregoing, Mr. St. Louis respectfully submits that after considering all of the factors set forth in 18 U.S.C. § 3553(a) and §4A1.3(b)(1), a sentence below the guideline range is reasonable, and as such request that the Court sentence Mr. St. Louis to twenty-eight (28) months in the custody of the Bureau of Prisons followed by a three (3) years of probation

                                        Respectfully Submitted

                                        *Jorge L. Del Villar, Esq.*

                                        The Del Villar Firm, P.A.
                                        Jorge L. Del Villar, Esq.
                                        Attorney for the Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was electronically filed with the Clerk of Courts using CM/ECF, this 11th day of March 2023.

Respectfully Submitted

The Del Villar Firm, P.A.

*Jorge L. Del Villar, Esq.*

Jorge L. Del Villar, Esq.
12651 S. Dixie Hwy
Suite 100
Pinecrest, Florida 33156
Tel:    (305) 669-7007
jdv.dvfirm@gmail.com
Florida Bar No. 022802
Attorney for the Defendant

6